UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| BEAU E. HANSEN,<br><br>                    Petitioner,<br><br>  vs.<br><br>STATE OF IDAHO,<br><br>                    Respondent. | Case No. 4:24-cv-00352-REP<br><br>**INITIAL REVIEW ORDER;**<br>**ORDER OF CONSOLIDATION;**<br>**AND ORDER OF REASSIGNMENT** |

**BACKGROUND**

Petitioner Beau E. Hansen  is a pretrial detainee in custody of the Bannock County Jail who has filed two federal Petitions for Writ of Habeas Corpus, citing 28 U.S.C. § 2254. Dkt. 2 in this case ("Case 352") and Dkt. 2 in Case 4:24-cv-00351-REP ("Case 351"). He asserts violations of the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution in both Petitions. Dkt. 2 at 1.

Petitioner alleges that, in 2022, his arrest was unlawful for the following reasons: lack of probable cause, his privacy rights were violated, his right to be protected from compulsory process was violated, he was illegally patted down for a weapon, and his right to travel was impeded. Dkt. 2 at 1-2. He further alleges that, during criminal proceedings, his public defender "dragged out the process," the State never provided him with discovery, and his Eighth Amendment right to be free from excessive bail was violated. *See* Dkt. 2 at 3.

**INITIAL REVIEW ORDER; ORDER OF CONSOLIDATION; AND ORDER OF**
**REASSIGNMENT - 1**

Ten months later, in 2023, while on bail, Petitioner was arrested again. He complains that Officer Hansen took it upon himself to do a "wellness check" on Petitioner, saw a bag of syringes in his home, and immediately placed handcuffs on him. He apparently was charged with a crime, and he complains that he is still without discovery and a trial has not been set.

Currently, in Bannock County Case CR03-24-05383, he is charged with possession of a controlled substance and drug paraphernalia. A jury trial is set for November 6, 2024.[1] In Case CR03-23-09939, it appears that he faces a probation violation charge.[2]

Here, Petitioner is challenging the same ongoing state court actions that are the subject of his Petition in Case 351. A person is not permitted to maintain two different actions over the same subject matter, nor is a person permitted to challenge two different convictions or sets of charges in the same action.

Accordingly, the Court will consolidate this case with Case 351 for reassignment to a United States District Judge. This means that the same judge will preside over both of these matters; it does not mean the two cases are merged into one. However, in Case 351 (a separate cause of action within the consolidated case), Petitioner should file one complete amended petition challenging one of his pending state court cases.  Therein, he

---

[1] *See* https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0.

[2] *See* https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0.

**INITIAL REVIEW ORDER; ORDER OF CONSOLIDATION; AND ORDER OF REASSIGNMENT - 2**

should show why he should be permitted to proceed in federal court without having exhausted his state court remedies and why the Court should not abstain from hearing his case. These requirements are set forth in more detail in the Initial Review Order in Case 351. And, in Case 352 (a separate cause of action within the consolidated case), Petitioner should file a different, and complete, amended petition challenging his other pending state court case.  He should state in the amended petition or an accompanying brief why he should be permitted to proceed in federal court without having exhausted his state court remedies and why the Court should not abstain from hearing his case, as set forth in more detail in the Initial Review Order in Case 351.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall consolidate this case with Case 4:24-cv-00351-REP and reassign the consolidated case to a United States District Judge, with Case 351 as the lead case.

2. In Case 351 and Case 352 within the consolidated case, Petitioner must file separate amended petitions, with accompanying briefing, as set forth above, within **21 days** after entry of this Order. He must name a proper respondent in his amended petitions, the custodian of his incarceration facility.

3. Petitioner's Motion for Leave to Proceed in Forma Pauperis (Dkt. 4) is DENIED as MOOT.

4. Petitioner's general motion, which requests that Petitioner be permitted to proceed pro se (Dkt. 5), is GRANTED in part to that extent only.

**INITIAL REVIEW ORDER; ORDER OF CONSOLIDATION; AND ORDER OF REASSIGNMENT - 3**



DATED:  October 7, 2024

_____

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**INITIAL REVIEW ORDER; ORDER OF CONSOLIDATION; AND ORDER OF REASSIGNMENT - 4**